**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4324**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

FELIX A. OKAFOR,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:12-cr-00059-H-1)

─────────────

Submitted:  February 24, 2015          Decided:  March 2, 2015

─────────────

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Robert H. Hale, Jr., ROBERT H. HALE, JR. & ASSOCIATES, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A twenty-five count superseding indictment charged Felix A. Okafor with various drug and firearm offenses. A jury convicted Okafor on all counts, including eleven counts of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). The district court imposed a sixty-month mandatory minimum sentence on the first § 924(c) conviction and 300-month consecutive mandatory minimum sentences on each of the other ten § 924(c) convictions. On appeal, Okafor argues that his § 924(c) convictions should be reversed because the district court erred when it admitted expert testimony by a detective and when it permitted the detective to bolster the credibility of a confidential informant ("CI") before Okafor challenged the CI's credibility. Okafor further contends that the stacking of eleven mandatory minimum sentences constitutes cruel and unusual punishment under the Eighth Amendment.[1] Finding no reversible error, we affirm.

---

[1] Okafor has filed a motion for leave to file a pro se supplemental brief, along with that brief. Because Okafor is represented by counsel who has filed a merits brief, Okafor is not entitled to file a pro se supplemental brief, and we therefore deny his motion. See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (denying motion to file pro se supplemental brief because defendant was represented by counsel).

Because Okafor did not object to the detective's expert testimony or to the testimony that allegedly bolstered the CI's credibility, we review these evidentiary claims for plain error. United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006). Under the plain error standard, Okafor must demonstrate that (1) there was an error; (2) that was plain; and (3) that affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Furthermore, even if Okafor shows that the district court plainly erred, we will not exercise our discretion to correct the error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 732, 735-36 (internal quotation marks and brackets omitted); see also Fed. R. Crim. P. 52(b).

Where the Government presents "overwhelming evidence" of a defendant's guilt independent of the challenged evidence, an alleged error does not "seriously affect the fairness, integrity, or public reputation of judicial proceedings," and reversing the defendant's conviction(s) "would do far more to damage the public's perception of judicial proceedings than leaving the conviction in place." United States v. Williamson, 706 F.3d 405, 413 (4th Cir. 2013). This court has "frequently disposed of a plain error issue by analyzing either the third or

fourth prong of Olano after assuming, without deciding, that there was an error and that it was plain." United States v. Jackson, 327 F.3d 273, 304 (4th Cir. 2003). We follow that well-trodden path here.

A defendant's possession of a firearm during a drug transaction constitutes a violation of 18 U.S.C. § 924(c) where possession of a firearm serves to protect the defendant against the theft of drugs and profits from the drug transaction or to enhance the collection of his profits. United States v. Pineda, 770 F.3d 313, 317 (4th Cir. 2014). Here, the Government presented overwhelming video evidence demonstrating that Okafor possessed a firearm during the drug transactions. During each of the transactions, the videos show a white towel hanging out of Okafor's right pants pocket, usually with the butt end of the handgun sticking out of the towel or the outline of the firearm pushing against Okafor's pants pocket. Furthermore, Okafor told the CI that the object wrapped in the white towel was a firearm, and one of the videos shows Okafor removing the firearm and displaying it to the CI. Finally, a search of Okafor's person resulted in the recovery of a Glock Model 22, .40 caliber pistol from his right front pants pocket.

Accordingly, the video evidence overwhelmingly demonstrates that Okafor possessed a firearm during the drug transactions and

4

that his possession of the firearm was in furtherance of the transactions. Okafor has not established that any error in admitting the detective's testimony affected his substantial rights or seriously affected the fairness or reputation of judicial proceedings.

## II.

We review challenges to sentences on Eighth Amendment grounds de novo. United States v. Malloy, 568 F.3d 166, 180 (4th Cir. 2009). Where a defendant commits multiple violations of 18 U.S.C. § 924(c), the mandatory minimum sentence for each violation stacks and the sentences must be served consecutively. United States v. Khan, 461 F.3d 477, 494-95 (4th Cir. 2006). "'Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed in various forms throughout our Nation's history.'" Id. at 495 (quoting Harmelin v. Michigan, 501 U.S. 957, 994 (1991)). Accordingly, while the stacking of mandatory minimum sentences under § 924(c) produced a "lengthy" sentence, it "do[es] not constitute cruel and unusual punishment pursuant to the Eighth Amendment." Id.

## III.

Accordingly, we affirm Okafor's convictions and sentence. We deny Okafor's motion for leave to file a pro se supplemental

brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED